Misc.]    Surrogate's Court, New York County, May, 1919.

# Matter of the Estate of PERCIVAL JULIUS WERLICH, Deceased.

(Surrogate's Court, New York County, May, 1919.)

**Wills — construction of — intention of testator — codicils — intestacy.**

The rule that a will or codicil should be so construed as to prevent an intestacy must be ignored when such a construction would be counter to the testator's intention as expressed in the instrument.

Decedent, by a codicil to his will under which his wife, who predeceased him, was substantially his sole legatee, bequeathed all properties standing in his name to his son, except certain stocks and shares given to testator by his wife, which, together with all other properties which might come to him under her will, he directed to be returned to her estate in order that the provisions of her will might be carried out. In terms the codicil declared that it " shall only be deemed valid in the event that my wife  *  *  * should die before my said wife makes a will after my death  *  *  *." *Held*, that so far as his will was concerned decedent must be deemed to have died intestate and that by the codicil he intended to qualify the bequest to his wife under the will in case she should survive him but should die before making a will, and that the property reverted to the husband or to his next of kin, the wife not having disposed of the same by will.

PROCEEDING upon the judicial settlement of the accounts of an administrator with the will annexed.

Douglas, Armitage & McCann (Paul Armitage, of counsel), for administrator c. t. a.

Lord, Day & Lord (Howard Mansfield, of counsel), for objectants.

COHALAN, S.   This is an accounting proceeding. Objections were filed which were afterwards adjusted,

Surrogate's Court, New York County, May, 1919.     [Vol. 107.

except one, which involves the validity and effect of a codicil to the will of testator. The stipulated facts are as follows: The decedent, Captain P. J. Werlich, and Lucy G. Werlich, his wife, were married during the year 1903. He had been married previously, and a divorce had been procured by his first wife. There was one child born to the first marriage, Percival McCeney Werlich, who is accounting as administrator c. t. a. herein. The said Lucy G. Werlich died on October 6, 1915. At the time of the death of Captain Werlich on March 16, 1916, his sole heir and next of kin was his son, Percival McCeney Werlich.

Mrs. Werlich had, during her lifetime, property in the United States of America, Great Britain and in Hong Kong and Shanghai. The property in the United States amounted to approximately $100,000, and with the exception of certain money and securities in the state of Virginia of about $10,000 in value, was managed and cared for by Lord, Day & Lord, attorneys of New York city, who reported in regard thereto to Lucy G. Werlich from time to time and remitted the income derived therefrom. The property in London and in China amounted to approximately $100,000, and at these points was looked after, cared for and managed by agents, who likewise reported to her from time to time.

On February 28, 1905, the late Captain Werlich made a will wherein he named his wife substantially his sole legatee. This will reads as follows:

" I, Percival Julius Werlich, a Lieutenant-Commander in the United States Navy, at present attached to and serving on board the U. S. S. Denver, being of sound mind, do establish this paper as my Last Will and Testament, specially revoking all other wills and testaments previously made.

" 1. To my beloved son Percival I leave my gold

watch and chain, to be held in trust for him by my executrix, hereinafter mentioned, until he, the said son Percival, shall be of age.

" 2. After payment of all my just debts and funeral expenses I give, bequeath and devise, without reservation or restriction, to my beloved wife, Lucy Glover Werlich, now living at No. 11 East 44th street, New York City — and whose general address is care of Honkong & Shanghai Banking Corporation, New York Office, No. 50 Wall street, all remaining properties, real and personal, of whatever nature or description, with which I may die possessed, and do appoint her, the said Lucy Glover Werlich, sole executrix, and it is my wish that she be not required to give bond."

On January 4, 1908, his wife, Lucy Glover Werlich, made a will wherein she gave and devised to her husband, the late Captain Werlich, all properties in the care of Lord, Day & Lord, or her property in the United States " outright to be disposed of by will." This situation continued until October 21, 1911. On that date Captain Werlich and his wife executed codicils to their wills. The codicil executed by the testator reads as follows:

" I, Percival Julius Werlich, living at present in Paris, France — being of sound mind, do hereby establish and declare this to be a codicil to my will — but this codicil shall only be deemed valid in the event that my wife, Lucy Glover Werlich, should die before my said wife makes a will after my death, otherwise it is to be treated as nugatory and as non-existent.

" I hereby bequeath all property of whatever kind or nature standing in my name to my son Percival McCeney Werlich, except certain stocks and shares which were given me from time to time by my said wife, and which are advertised on the attached list, authenticated by my signature. These excepted stocks

Surrogate's Court, New York County, May, 1919.　[Vol. 107.

and shares I direct to be returned to my said wife's estate. All other properties of whatever kind or nature which may come to me by operation of the will of my said wife, I wish returned to her estate, in order that these may be disposed of according to directions contained in the duly declared will of my said wife, and which antedates my death.''

Attached to this codicil and signed by both husband and wife were two lists of securities. The disposition of the securities mentioned in the first list, or at least part of them, is involved in the question before the surrogate. The first list signed by the testator begins: '' The following shares standing in my name were from time to time presented to me by my wife, Lucy Glover Werlich, and are to be returned to my said wife on my death.''

After the date of said codicil Lucy G. Werlich made and executed new wills, one covering the property situated in the United States of America, and the second will disposing of her property in Great Britain and in Hong Kong and Shanghai. These wills have been admitted to probate, one in England and one in this country. The so-called English will begins as follows:

'' I, Lucy Glover Werlich, being of sound mind and body, do hereby declare this to be my last will and testament, hereby revoking all wills previously made by me, regarding any and all property I may possess in England and in China.''

: The so-called American will begins as follows: '' I, Lucy Glover Werlich, being of sound mind and body, hereby declare this to be my last will and testament regarding any and all properties, both real and personal I may die possessed of in the United States of America hereby revoking all wills previously made by me.''

The objectants herein are the executors of the will

of Mrs. Werlich which was probated in England and the administratrix c. t. a. of the will of Mrs. Werlich probated in this county. No ancillary administration has been granted on the so-called English will in this jurisdiction. All the foregoing facts are not material, but I have set them forth for a purpose, which will appear hereinafter.

The accountant has treated the codicil as nugatory, and claims, as the son and only heir and next of kin, to be entitled to all the residuary estate of the testator, the legacy to the wife of Captain Werlich having lapsed. The objectants, however, rely on the validity of the codicil and claim the securities listed in the first list attached thereto. The issue before the surrogate, therefore, concerns the validity and construction of the codicil and the disposition to be made of the properties claimed to be affected thereby.

The objectants contend that the codicil executed by testator in 1911 was made by him in contemplation of the possible death of his wife before him, and, having predeceased him, she consequently died before making a will after his death. They claim that the necessary contingency upon which the codicil could be nugatory was the survival of the widow. With this interpretation I do not agree. Despite what I consider the plain import of the words of the codicil, the contention of the contestants has some weight, for the codicil provides for the return to his wife's estate of all property which might come to the testator by the operation of his wife's will. On the other hand, the testator specifically directs the return of the securities on list 1 to his wife after his death, which direction presupposes her surviving him and seems to be more in accord with his evident intention. The codicil is ambiguous and inartificial, but the intention is plain. It is a well-settled rule that a will or codicil should be construed if

Surrogate's Court, New York County, May, 1919.  [Vol. 107.

possible so as to prevent intestacy.  But this rule must be ignored when such a construction would, as in this case, be counter to the expressed intention of the testator as set forth in the instrument which is the subject of the construction.

It is not disputed that the provision for Lucy Glover Werlich in the will of Percival J. Werlich, dated February 28, 1905, lapsed.  So far as his will is concerned the testator must be deemed to have died intestate except as to his watch and chain, which he bequeathed to his son.  Unless, therefore, the codicil effects a valid disposition, as claimed by the objectants, neither the wife of testator nor her estate can claim anything under the will and codicil of testator.

The codicil in question reads: " * * * but this codicil shall only be deemed valid in the event that my wife, Lucy Glover Werlich, should die before my said wife makes a will after my death * * *." It would seem, therefore, that the codicil was intended to operate only in the event that the conditions therein contained were fulfilled, otherwise by the terms thereof it was to be deemed " nugatory and non-existent." In my opinion those conditions were two — first, the wife of testator must outlive him, and second, after his death she must die before she made a will.

Mrs. Werlich, however, predeceased the testator, so that the conditions above referred to fail of performance.  It is my opinion that the testator by his codicil intended to qualify the bequest made to his wife under his will in case she should outlive him but should die before making a new will.  In that event it seems logical to say that the codicil executed by him would serve to effect, as he in such a case intended, a different disposition of his property, virtually all of which he gave to her in his will.

There is another phase of this question to which I

will refer, although the interpretation already given the codicil renders it unnecessary to consider the question fully. If, as claimed by the objectants, the codicil is valid and is effective to transfer the securities given thereunder to the *estate* of Mrs. Werlich, such construction would prove of no avail to the objectants. It appears from the stipulated facts that Mrs. Werlich left two wills. One will was probated in England and disposed of and is confined to the property she died possessed of in England and in China. The second will disposed of and is confined to the property she died possessed of in the United States. The property which would pass under the codicil of Captain Werlich, however, is not property which Mrs. Werlich died possessed of in England or China or the United States. The executors under the English will and the administratrix c. t. a. under the American will are entitled to administer only on the property passing under those wills. So that even were the codicil held to make a valid transfer to her estate, there is no personal representative who has the power to receive the bequest and to administer it.

Indeed it is questionable whether, under the circumstances of this case, the attempted bequest is not void for ambiguity. But, irrespective of this, it would seem that even though there were a personal representative entitled to take, the property passing thereunder would revert to the husband, who survived her, or to his next of kin, Mrs. Werlich not having disposed of the same by will.

Decreed accordingly.